UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Tiffany Williams** and **Doreen Walker**, individually, and on behalf of herself and all other persons similarly situated, known and unknown,<br><br>           Plaintiffs,<br><br>vs.<br><br>**Bob Evans Restaurants, LLC**, a Pennsylvania corporation; and **Bob Evans Farms, Inc.,** a Pennsylvania corporation<br><br>           Defendants. | No. _____<br><br>**COMPLAINT - - COLLECTIVE ACTION** |

Plaintiffs, Tiffany Williams and Doreen Walker ("Plaintiffs"), on behalf of themselves and all other persons similarly situated who are current or former servers of Defendants ("Collective Members") and by and through the undersigned attorney(s), sue the Defendants, Bob Evans Restaurants, LLC ("Defendant Bob Evans Restaurants") and Bob Evans Farms, Inc. ("Defendant Bob Evans Farms") (collectively "Defendants" or "Bob Evans") and alleges as follows:

### PRELIMINARY STATEMENT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum wages.

2. Defendants own and operate over 500 Bob Evans restaurants, which are the subject of this lawsuit.

3. Bob Evans Restaurants is a chain of family style restaurants founded and headquartered in Columbus, Ohio, which owns and operates all of its restaurants, which are located primarily in the Midwest, Mid-Atlantic and Southeast regions of the United States.[1]

4. Defendants have a policy or practice of paying their employee servers sub-minimum hourly wages under the tip-credit provisions of the FLSA.

5. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations. But an employer is *not* permitted to take a tip credit against its minimum wage obligations (1) when it requires its tipped employees to perform non-tipped work that is *unrelated* to the employees' tipped occupation (i.e., "dual jobs") or (2) when it requires its tipped employees to perform non-tipped work that, although related to the employees' tipped occupation, exceeds 20 percent of the employees' time worked during a workweek. *See, e.g., Marsh v. J. Alexander's LLC*, --- F.3d ----, 2018 WL 4440364 (9th Cir. 2018) (concluding that the plaintiff stated two claims for relief under the FLSA–"first, that he is entitled to the full hourly minimum wage for the substantial time he spent completing related but untipped tasks, defined as more than 20% of his workweek; and second, that he is entitled to the same for time he spent on unrelated tasks"); *Driver v. Apple Illinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties … such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work"); *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than

---

[1] https://www.bobevans.com/aboutus/our-company (last accessed October 4, 2017)

20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time").

6. Defendants violated the FLSA by enforcing a policy or practice of paying servers sub-minimum, tip-credit wages even when they required those employees to perform non-tipped work that is *unrelated* to their tipped occupation (i.e., "dual jobs").

7. Defendants violated the FLSA by enforcing a policy or practice of requiring servers to perform non-tipped work that, even if it was related to their tipped occupation, exceeded 20 percent of their time worked in one or more individual workweeks.

## JURISDICTION AND VENUE

8. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs and Collective Members occurred within the Western District of Pennsylvania, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

11. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

12. Plaintiffs are individuals residing in Allegheny County, Pennsylvania, and are former employees of Defendants.

13. Plaintiff Tiffany Williams was employed as a server at Defendants' Bob Evans' restaurant located at 3737 William Penn Highway, Monroeville, Pennsylvania 15146 from approximately October 1, 2017 through approximately February 28, 2018.

14. At all material times, Plaintiff Tiffany Williams was paid by Defendants at an hourly rate less than the full minimum wage as a tipped employee subject to the FLSA.

15. Defendants employed Plaintiff Tiffany Williams to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning the restaurant, busing tables, washing dishes, preparing food and other side work.

16. At all material times, Plaintiff Tiffany Williams was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

17. Plaintiff Doreen Walker was employed as a server at Defendants' Bob Evans' restaurant located at 2210 Lebanon Church Road, West Mifflin, Pennsylvania 15122 from 2002 through 2017.

18. At all material times, Plaintiff Doreen Walker was paid by Defendants at an hourly rate less than the full minimum wage as a tipped employee subject to the FLSA.

19. Defendants employed Plaintiff Doreen Walker to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning the restaurant, busing tables, washing dishes, preparing food and other side work.

20. At all material times, Plaintiff Doreen Walker was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

21. Plaintiffs have given their written consent to be Representative Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), true and accurate copies of which are appended hereto as Exhibit A.

22. Opt-in Plaintiff, Loretta Beckhardt ("Ms. Beckhardt"), has given her consent to join the Collective Members in this action. A true and accurate copy of her executed Consent to Join form is appended hereto as Exhibit B.

23. Ms. Beckhardt is a server employed at Defendants' Bob Evans restaurant located at 681 W. Main Street, Uniontown, Pennsylvania 15401, and has worked at this location from approximately June 1, 2014 to the present. Ms. Beckhardt was also employed by Defendants at the Bob Evans restaurant located at 400 W. Padonia Road, Lutherville, Maryland 21093 from approximately 2006 through approximately 2009 and the Bob Evans restaurant located at 4110 Wholesale Club Drive, Baltimore, Maryland 21236 from approximately 2003 through 2006.

24. At all material times, Ms. Beckhardt was paid by Defendants at an hourly rate less than the full minimum wage as a tipped employee subject to the FLSA.

25. Defendants employed Ms. Beckhardt to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning the restaurant, busing tables, washing dishes, preparing food and other side work.

26. At all material times, Ms. Beckhardt was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

27. Opt-In Plaintiff, Paula Biebel ("Ms. Biebel"), has given her consent to join the Collective Members in this action. A true and accurate copy of her executed Consent to Join form is appended hereto as Exhibit C.

28. Ms. Biebel is a server employed at Defendants' Bob Evans restaurant located at 32701 Concord Drive, Madison Heights, Michigan 48071, and has worked at this location from approximately April 1, 2008 to the present.

29. At all material times, Ms. Biebel was paid by Defendants at an hourly rate less than the full minimum wage as a tipped employee subject to the FLSA.

30. Defendants employed Ms. Biebel to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning the restaurant, busing tables, washing dishes, preparing food and other side work.

31. At all material times, Ms. Biebel was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

32. Opt-In Plaintiff, Sara Cessna ("Ms. Cessna"), has given her consent to join the Collective Members in this action. A true and accurate copy of her executed Consent to Join form is appended hereto as Exhibit D.

33. Ms. Cessna was a server employed at Defendants' Bob Evans restaurant located at 490 Oak Spring Road, Washington, Pennsylvania 15301 from approximately April 1, 2017 to approximately September 30, 2017.

34. At all material times, Ms. Cessna was paid by Defendants at an hourly rate less than the full minimum wage as a tipped employee subject to the FLSA.

35. Defendants employed Ms. Cessna to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning the restaurant, busing tables, washing dishes, preparing food and other side work.

36. At all material times, Ms. Cessna was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

37. Opt-In Plaintiff, Constance Compton ("Ms. Compton"), has given her consent to join the Collective Members in this action. A true and accurate copy of her executed Consent to Join form is appended hereto as Exhibit E.

38. Ms. Compton is a server employed at Defendants' Bob Evans restaurant located at 8020 U.S. 42, Florence, Kentucky 41042, and has worked at this location from approximately August 20, 2001 to present.

39. At all material times, Ms. Compton was paid by Defendants at an hourly rate less than the full minimum wage as a tipped employee subject to the FLSA.

40. Defendants employed Ms. Compton to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning the restaurant, busing tables, washing dishes, preparing food and other side work.

41. At all material times, Ms. Compton was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

42. Opt-In Plaintiff, Wilma Johnson ("Ms. Johnson"), has given her consent to join the Collective Members in this action. A true and accurate copy of her executed Consent to Join form is appended hereto as Exhibit F.

43. Ms. Johnson is a server employed at Defendants' Bob Evans restaurant located at 8020 U.S. 42, Florence, Kentucky 41042, and has worked at this location from approximately July 1997 to present.

44. At all material times, Ms. Johnson was paid by Defendants at an hourly rate less than the full minimum wage as a tipped employee subject to the FLSA.

45. Defendants employed Ms. Johnson to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning the restaurant, busing tables, washing dishes, preparing food and other side work.

At all material times, Ms. Johnson was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

46. At material times as alleged in this Complaint, Bob Evans Restaurants, LLC was a corporation duly licensed to transact business in the Commonwealth of Pennsylvania.

47. Defendant Bob Evans Restaurants does business, has offices, and/or maintains agents for the transaction of its customary business in Allegheny County, Pennsylvania.

48. Defendant Bob Evans Restaurants is Plaintiff's and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d). The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At material times as alleged in this Complaint, Defendant Bob Evans Restaurants had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. As an employer, Defendant Bob Evans Restaurants is subject to liability under the FLSA.

49. Bob Evans Restaurants, LLC is a wholly owned subsidiary of Golden Gate Capital, Inc. Golden Gate Capital is a private equity firm based in San Francisco, California.[2] Golden Gate Capital operates as a private holdings company and includes the Bob Evans restaurant chain, operating as Bob Evans Restaurants, LLC, as part of it investment portfolio.[3]

---

[2] https://www.goldengatecap.com (last visited October 4, 2018).
[3] https://www.goldengatecap.com/verticals/consumer/ (last visited October 4, 2018).

50. Defendant Bob Evans Farms, Inc. was the owner and operator of the Bob Evans restaurant chain prior to its sale of the restaurant chain, in its entirety, to Defendant Bob Evans Restaurants and Golden Gate Capital on or about April 28, 2017.

51. At material times as alleged in this Complaint, Defendant Bob Evans Farms was a corporation duly licensed to transact business in the Commonwealth of Pennsylvania.

52. At material times as alleged in this Complaint, Defendant Bob Evans Farms has done business, has had offices, and/or has maintained agents for the transaction of its customary business in Allegheny County, Pennsylvania.

53. Defendant Bob Evans Farms is Plaintiff's and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d). The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At material times as alleged in this Complaint, Defendant Bob Evans Farms had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. As an employer, Defendant Bob Evans Farms is subject to liability under the FLSA.

### DEFENDANTS ARE A "SINGLE ENTERPRISE" AND "SINGLE EMPLOYER"

54. At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of more than 500 Bob Evans restaurants in Pennsylvania and 17 other states across the country.

55. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

56. The Bob Evans restaurants are controlled by the Defendants, which directs, governs, and administers the performance of Defendants' operation and maintenance of Bob Evans restaurants in Ohio and 17 other states across the country.

57. Defendants run each Bob Evans restaurant identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location.

58. Defendants represent themselves to the general public through their website as one restaurant company–Bob Evans–operating more than 500 restaurants in Pennsylvania and 17 other states across the country.

59. The Bob Evans website allows potential job applicants to apply for employment at any of the Bob Evans locations from the same common website.[4]

60. Defendants share employees between restaurant locations.

61. In fact, Bob Evans advertises on the "Restaurant Hourly Benefits" portion of their "Benefits" page of its website that all hourly restaurant employees are eligible for location transfers. *Id*.

62. Defendants share common management between restaurant locations. For example, Regional Managers oversee multiple Bob Evans restaurant locations.

63. The Bob Evans restaurants share common human resources and payroll services.

64. Defendants all use the name "Bob Evans" at their Bob Evans restaurant locations.

65. Defendants operate the various restaurant locations from the same headquarters.

---

[4]    https://employment.bobevans.com

66. Defendants advertise together on the same website.

67. Defendants provide the same array of products and services to their customers at all of their Bob Evans restaurant locations.

68. The "Bob Evans" family of restaurants exists under the control and direction of Defendants.

69. This family of restaurants provides the same service product to its customers by using a set formula when conducting its business.

70. Part of that set formula is the wage violations alleged in this complaint.

## STATEMENT OF FACTS

71. Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

72. Plaintiffs and the Collective Member, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

73. Defendants paid Plaintiffs and the Collective Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m). However, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail themselves of the tip-credit provisions of the FLSA.

74. Defendants regularly and frequently required Plaintiffs and the Collective Members to perform a number of non-tipped duties **unrelated** to their tipped occupations, including but not limited to: taking out trash; scrubbing walls; sweeping and mopping floors; cleaning booths; washing dishes and operating the dishtank; breaking down and cleaning the

server line; ensuring the general cleanliness for the front of the house; detail cleaning throughout the restaurant; stocking stations throughout the restaurant; stocking and setting tables; bussing tables; answering the phone; working the cash register; greeting and seating customers; preparing salads; preparing deserts; baking bread; brewing coffee; cleaning the soda fountains; preparing specialty drinks such as lemonades; preparing individual servings of butters and dressings; and rolling bins full of silverware.

75. Defendants paid Plaintiffs and the Collective Members at an hourly rate less than the full minimum wage for all hours that Plaintiffs and the Collective Members worked for Defendants, including the periods during which Plaintiffs and the Collective Members were performing non-tipped duties.

76. Defendants regularly and frequently required Plaintiffs and the Collective Members to perform a number of non-tipped duties **related** to their tipped occupation, including but not limited to: preparatory and workplace maintenance tasks such as sweeping floors; cleaning booths; stocking stations throughout the restaurant; stocking and setting tables; bussing tables; stocking ice; brewing coffee; preparing specialty drinks such as lemonades; and rolling bins full of silverware.

## COLLECTIVE ACTION ALLEGATIONS

77. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

78. Plaintiffs and the Collective Members bring the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

79. Plaintiffs assert those claims on behalf of themselves, and on behalf of all similarly situated tipped employees employed by Defendants, who were not paid all

compensation required by the FLSA during the relevant time period as a result of Defendants' compensation policies and practices.

80. Plaintiffs seek to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any restaurant owned or operated by Defendants in the job position of server and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).**

81. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiffs' and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendants within three years from the filing of this Complaint.

82. Upon information and belief, Defendants have employed thousands of tipped employees during the period relevant to this action. Plaintiffs estimate the number of potential Collective Members to be approximately 25,000. Based upon this estimate, and upon average opt-in rates, Plaintiffs estimate the actual class will be approximately 2,500 to 5,000 people.

83. The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiffs, joinder of each member is not practicable.

84. Because these similarly situated tipped employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

85. Defendants' entire chain of restaurants which are the subject of this Action are and have been under common ownership. Defendants' tipped employees which Plaintiffs seek to notify have been subjected to company-wide policies, procedures, labor targets and compensation practices. Collective adjudication is appropriate in this case because the tipped employees whom Plaintiffs and the Collective Members wish to notify of this action have been employed in positions similar to Plaintiffs and the Collective Members; have performed work similar to Plaintiffs and the Collective Members; and have been subject to compensation practices similar to those to which Plaintiffs and the Collective Members were subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

86. The tipped employees which Plaintiffs seek to notify have been required by Defendants to perform non-tipped labor *unrelated* to their tipped occupation and to perform non-tipped labor *related* to their tipped occupation which exceeds twenty percent of the hours worked by said tipped employees in any given work week. As such, the tipped employees which Plaintiffs seeks to notice have claims common to the claims of Plaintiffs and the Collective Members and are similarly situated to Plaintiffs and the Collective Members.

**COUNT ONE: REQUIRED LABOR UNRELATED TO PRIMARY DUTIES OF THE TIPPED OCCUPATATION OF SERVER**

87. Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

88. Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) and §30d00(f) by requiring Plaintiffs and the Collective Members in a given workweek, and during each and every workweek Plaintiffs and the Collective Members were employed by

14

Defendants, to perform non-tipped labor unrelated to their tipped occupation over the course of their regular workweek, while paying Plaintiffs and the Collective Members at the tip credit rate. Examples of such non-tipped labor unrelated to the primary duties of the tipped occupation of server include, but are not limited to taking out trash; scrubbing walls; sweeping and mopping floors; cleaning booths; washing dishes and operating the dishtank; breaking down and cleaning the server line; ensuring the general cleanliness for the front of the house; detail cleaning throughout the restaurant; stocking stations throughout the restaurant; stocking and setting tables; bussing tables; answering the phone; working the cash register; greeting and seating customers; preparing salads; preparing deserts; baking bread; brewing coffee; cleaning the soda fountains; preparing specialty drinks such as lemonades; preparing individual servings of butters and dressings; and rolling bins full of silverware.

89.  Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate federal law and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

90.  Plaintiffs and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Tiffany Williams and Doreen Walker, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Collective Members' favor, and against Defendants for compensation

for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: REQUIRED LABOR RELATED TO PRIMARY DUTIES OF TIPPED OCCUPATION OF SERVER, BUT IN EXCESS OF OF 20% OF A GIVEN WORKWEEK

91. Plaintiffs and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

92. Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(e) and §30d00(f) by requiring Plaintiffs and the Collective Members in a given workweek, and during each and every workweek Plaintiffs and the Collective Members were employed by Defendants, to perform non-tipped labor related to their tipped occupation in excess of twenty percent (20%) of their regular workweek, while paying Plaintiffs and the Collective Members at the tip credit rate. Examples of such non-tipped labor related to their tipped occupation of servers include, but are not limited to, preparatory and workplace maintenance tasks such as sweeping floors; cleaning booths; stocking stations throughout the restaurant; stocking and setting tables; bussing tables; stocking ice; brewing coffee; preparing specialty drinks such as lemonades; and rolling bins full of silverware.

93. Defendants failed and/or refused to pay Plaintiffs and the Collective Members the full applicable minimum wage according to the provisions of the FLSA for time they spent performing non-tipped labor related to their tipped occupation, despite requiring them to perform such work in excess of twenty percent (20%) of a given workweek, for each and every

workweek that Plaintiffs and the Collective Members were employed by Defendants, in violation of 29 U.S.C. § 206(a).

94.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiffs and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor elated to their tipped occupation, but in excess of 20% of any given workweek, would violate federal law and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

95.     Plaintiffs and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, Tiffany Williams and Doreen Walker, on behalf of themselves and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiffs' and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this October 9, 2018.

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (*pro hac vice pending*)
Christopher J. Bendau (*pro hac vice pending*)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com