**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Tiffany Williams and Doreen Walker, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action 2:18-cv-1353 |
| v. | : | Judge Mark R. Hornak |
| | : | Complaint – Collective Action |
| Bob Evans Restaurants, LLC and Bob Evans Farms, Inc., | : | |
| | : | |
| Defendants. | : | |

**Joint Proposed Scheduling Order**

Pursuant to the Court's March 11, 2019 Order (Doc. 43), the parties have met and conferred regarding the possible consolidation of this matter with *McKeel v. Bob Evans Farms, Inc.*, Case No. 2:19-cv-00082-MRH, as well as certain scheduling issues. The parties have reached agreement on some matters, but not on others. To that end, the parties submit their Joint Proposed Scheduling Order and other matters for the Court's determination.

**I.     Agreed Deadlines**

a.     **Plaintiffs' motion to consolidate the cases**: April 1, 2019.

b.     **Defendants' deadline to respond to Plaintiffs' motion to consolidate:** April 3, 2019.

c.     **Plaintiffs' deadline to file a motion for leave to file a consolidated complaint (with a copy of the proposed consolidated complaint attached)**: April 15, 2019.

d.     **Defendants' deadline to respond to Plaintiffs' motion to for leave to file a consolidated complaint, including any responsive pleading or motion to

>   dismiss the *McKeel* claims or any additional claims asserted by the *McKeel* Plaintiffs in the Consolidated Complaint: May 16, 2019.[1]

e.   **Joint deadline to exchange initial disclosures**: May 15, 2019.

f.   **Plaintiffs' deadline to respond to Defendants' motions to dismiss**: June 6, 2019.

g.   **Defendants' deadline to reply in support of motions to dismiss**: June 20, 2019.

h.   **Oral argument on motions to dismiss**: To be determined by the Court.

i.   **Joint deadline for parties to file joint report pursuant to Fed. R. Civ. P. 26(f)**: 7 days after the Court rules on motions to dismiss.

II.   **Contested Deadlines – supplemental briefing on FLSA conditional certification**:

a.   **Plaintiffs' statement**:

The *Williams* Plaintiffs' Motion for Conditional Certification (Docs. 31, 32) has been pending since February 1, 2019. That motion addresses the similarly situated nature of those respective Plaintiffs with regard to the 80/20 and "dual jobs" claims. Plaintiffs wish only to supplement that motion because it does not address the *McKeel* Plaintiffs' tip credit notice or overtime claims. Plaintiffs contend that the Court's ruling on the motion for conditional certification and the motions to dismiss are entirely separate and distinct. This is because conditional certification of an FLSA claim does not address the underlying merits of that claim. *See Bonds v. GMS Mine Repair & Maint,, Inc.*, 2014 WL 2957394, at *4 (W.D. Pa. July 1, 2014) (Courts do "not consider the merits of the claim(s), decide credibility issues or resolve factual disputes at this stage of the case"). For these reasons, too, Plaintiffs need only supplement their

---

[1] With respect to the causes of action asserted in *Williams*, which will remain unchanged, the Parties agree that the Court may refer to the motions to dismiss, opposition to those motions, and replies in support without further briefing. However, the Parties may continue to file any relevant supplemental authority.

motion to show they are "similarly situated" with regard to the additional claims. They need not prove them.

Defendants' request to stay conditional certification briefing pending the adjudication of the motions to dismiss will result in unnecessary delay and prejudice potential claimants given the impending statute of limitations on their claims. Defendants have already had nearly two months to review and prepare a response to Plaintiffs' motion. If Defendants are allowed to wait to respond to that motion until after the Court rules on the motions to dismiss, they will be guaranteed to have had, at a minimum, more than four months to file a response. Moreover, the statute of limitations will have necessarily run on potential opt-ins' claims by no fault of Plaintiffs' given the parties' need to address the consolidation of these matters.

Therefore, Plaintiffs' position is that the briefing on the motion for conditional certification should proceed as follows:

- **Plaintiffs' supplemental submission on FLSA conditional certification:** April 15, 2019.

- **Defendants' response to Plaintiffs' FLSA motion for conditional certification and supplemental submission on conditional certification:** May 2, 2019.

- **Plaintiffs' reply in support of FLSA conditional certification:** 14 days after Defendants' submit their opposition.

- **Oral Argument on Plaintiffs' FLSA:** To be determined by the Court.

b.     **Defendants' statement**:

**Briefing on conditional certification is premature**. Defendants contend that their pending motions to dismiss in *Williams* (ECF #12 and ECF #16) and forthcoming partial motions to dismiss in *McKeel* should be decided before briefing (and deciding) Plaintiffs' motion for FLSA conditional certification.

The Court's ruling on the motions to dismiss may materially alter this litigation. Significantly, Plaintiffs' 80/20 claim in *Williams* may not survive Defendants' motions to dismiss given the Department of Labor's November 2018 Opinion Letter and subsequent revised Field Operations Handbook and Field Assistance Bulletin. Additionally, resolution of what constitutes a "related duty" in light of that Opinion Letter and further Department of Labor guidance could eliminate or otherwise impact Plaintiffs' unrelated duties claims in *Williams*. Defendants also plan on filing partial motions to dismiss in *McKeel*, and may file motions related to the *yet to be disclosed* additional causes of action in the Consolidated Complaint.

In addition to guiding future discovery and motion practice in these cases, resolution of these motions to dismiss will impact the parties' conditional certification briefing (*i.e.* what claims are at issue and the legal standard governing those claims) and may impact the Court's decision on conditional certification, and if granted, the scope and extent of conditional certification.[2]

Defendants also note that the time provided by Plaintiffs to respond to the supplemental FLSA certification briefing (17 days) in not sufficient or realistic. While Defendants have had Plaintiffs' original briefing on conditional certification for the federal claims asserted in *Williams* for some time, Plaintiffs have yet to file anything regarding conditional certification of the federal claims asserted in *McKeel*, which are entirely separate claims. Moreover, the *McKeel* Plaintiffs have indicated they will be asserting additional claims in the Consolidated Complaint. Under Plaintiffs' proposed schedule, Defendants will not even know what these claims are until the day Plaintiffs file their supplemental FLSA briefing (the same day that Plaintiffs will be filing their proposed Consolidated Complaint). As such, seventeen days is clearly not enough

---

[2] Plaintiffs are seeking conditional certification of a nationwide class that includes tens of thousands of individuals across the country.

time for Defendants to respond to briefing on proposed conditional of several different claims (some of which are currently unknown) for a nationwide class potentially impacting over 30,000 individuals across the country.

Therefore, for the sake of efficiency and conserving judicial and party resources, Defendants' position is that the motions to dismiss be decided before these other issues and that the related scheduling deadlines flow from the date of the Court's decision on those motions:

- **Plaintiffs' supplemental submission on FLSA conditional certification:** 30 days after the Court rules on the motions to dismiss.

- **Defendants' response to Plaintiffs' FLSA motion for conditional certification and supplemental submission on conditional certification:** 45 days after Plaintiffs' file their supplemental submission on conditional certification.

- **Plaintiffs' reply in support of FLSA conditional certification:** 14 days after Defendants' submit their opposition.

- **Oral Argument on Plaintiffs' FLSA:** To be determined by the Court.

RESPECTFULLY SUBMITTED the 29th Day of March, 2019.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
P.O. Box 97066
Phoenix, AZ 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Fax: (216) 642-5814
Email: jameslsimonlaw@yahoo.com

*Counsel for Williams Plaintiffs Tiffany Williams and Doreen Walker and Williams Opt-In Plaintiffs*

CALSON LYNCH KILPELA &
CARPENTER, LLP

By: /s/ *Ed Ciolko*
Ed Ciolko
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Fax: (412) 231-0246
Email: glynch@carlsonlynch.com


CONNOLLY WELLS & GRAY, LLP
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Boulevard, Suite 275
King of Prussia, PA 19406
Telephone: (610) 822-3700
Fax: (610) 822-3800
Email: gwells@cwglaw.com
         rgray@cwglaw.com

*Counsel for April McKeel*


/s/ *Adam J. Rocco*
Adam J. Rocco (Ohio Bar No. 0083807)
Michael C. Griffaton (Ohio Bar No. 0062027), *pro hac vice*
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone: (614) 464-6286
Facsimile: (614) 719-4804
E-mail: ajrocco@vorys.com
E-mail: mcgriffaton@vorys.com

Daren S. Garcia (Penn. Bar No. 318099)
Vorys, Sater, Seymour and Pease LLP
500 Grant Street, Suite 4900
Pittsburgh, PA 15219-2502
Telephone: 412-904-7717
Facsimile: 412-904-7817
dsgarcia@vorys.com

*Attorneys for Defendant Bob Evans Restaurants, LLC*

/s/  *Jonathan Vaughn*
Jonathan R. Vaughn (Ohio Bar No. 0022897)
Michael J. Shoenfelt (Ohio Bar No. 0091154)
 Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone: (614) 464-5672
Facsimile: (614) 719-5010
jrvaughn@vorys.com
mjshoenfelt@vorys.com

Mark C. Zheng (Penn. Bar No. 313510)
Vorys, Sater, Seymour and Pease LLP
500 Grant Street, Suite 4900
Pittsburgh, PA 15219-2502
Telephone: (412) 904-7714
Facsimile: (412) 904-7814
jcthomas@vorys.com
mczheng@vorys.com

*Attorneys for Defendant Bob Evans Farms, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th Day of March, 2019, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system.

/s/ *James L. Simon*