IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIFFANY WILLIAMS, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 18-1353 |
| BOB EVANS RESTAURANTS, LLC, *et al.*, | ) |
| Defendants. | ) |

## ORDER OF COURT

AND NOW, this 14th day of April 2022, for the reasons stated in the Memorandum Opinion filed this day, and pursuant to 29 U.S.C. § 216(b), IT IS HEREBY ORDERED that Plaintiffs' renewed Motion for Conditional Certification, Approval of Proposed Notice Procedure, and Equitable Tolling (ECF Nos. 141, 169) and Motion for Equitable Tolling (ECF No. 185) are GRANTED IN PART and DENIED IN PART as follows:

(1) The Court conditionally certifies a collective consisting of "all tipped server employees who worked for Defendants" for purposes of the Fair Labor Standards Act claims alleged at Counts II and III of Plaintiffs' Second Amended Consolidated Master Complaint (ECF No. 130);

(2) The parties shall meet and confer forthwith as to the temporal scope of the collective, the proposed form of notice, and the method and process for mailing such notice to potential members of the collective. The parties shall jointly file an agreed upon temporal scope of the collective, proposed form of notice for the collective and process for distribution by **May 16, 2022**. To the extent the parties cannot agree on the temporal

scope of the collective and/or the proposed form of notice and process for distribution of notice, they each shall separately file their respective proposal by **May 16, 2022**, along with a supplemental brief not to exceed five pages for the Court's consideration;

(3) In addition to the foregoing, the parties shall file a joint status report with a proposed plan, including deadlines, for any additional phase or phases of discovery by **May 16, 2022**;

(4) Upon final approval of the form and process of notice by the Court, such notice may be sent by first-class U.S. Mail to all potential members of the collective, who shall have a period of sixty (60) days from the date of mailing to join the collective by fulfilling the instructions set forth in the Court-approved notice; and,

(5) Nothing in the Memorandum Opinion or this Order abrogates or otherwise modifies the parties' stipulation tolling the statute of limitations as of October 19, 2019 for their dual jobs claims referred to therein as "related and unrelated non-tipped labor claims" currently pending at Counts II and III of the Complaint.  (*See* ECF Nos. 108, 112). Accordingly, Plaintiffs' request for equitable tolling is denied in all other respects as more specifically set forth in the Memorandum Opinion.

IT IS FURTHER ORDERED that Plaintiffs' Motions are DENIED in all other respects.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All Counsel of Record