UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Tiffany Williams**, et al., | No. 2:18-cv-01353 |
| Plaintiffs, | JUDGE W. SCOTT HARDY |
| vs. | |
| **Bob Evans Restaurants, LLC.**, et al., | |
| Defendants | |

### ORDER OF DISMISSAL AND APPROVING SETTLEMENT, APPOINTMENT OF SERVICE ADMINIISTRATOR, SERVICE AWARDS, AND ATTORNEYS' FEES AND COSTS

This matter is before the Court on the Plaintiffs' Unopposed Motion for Approval of Settlement, Service Awards and Attorneys' Fees and Costs. After reviewing the Memorandum of Law in Support of the Unopposed Motion, the Settlement Agreement, Declarations of Counsel, and the papers and pleadings on file in this Action, and for good cause established therein, the Court hereby approves the Settlement, Service Awards and Attorneys' Fees and Costs, as follows:

1. Named Plaintiffs, Tiffany Williams ("Williams"), Doreen Walker ("Walker"), April McKell ("McKeel"), Michaela Caperna ("Caperna"), Lois Williams ("L. Williams"), Inez Ratcliff ("Ratcliff"), Samantha Hutton ("Hutton"), Nicole Leo ("Leo"), Joanne Peabody ("Peabody"), Christina Turner ("Turner"), Brittany Willis ("Willis"), Regina Jensen ("Jensen"), Vickie Rash ("Rash"), Rebecca Bailey ("Bailey"), and James Woodworth ("Woodworth") (collectively "Plaintiffs") filed this matter as a collective action alleging that Defendants, as owners and operators of the Bob Evans restaurant chain, violated minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. In addition to filing Answers, Defendants also filed a motion to dismiss Plaintiffs' claims, challenging the legal basis on which Plaintiffs' claims lie. (*See* Doc. #12).

2. The parties litigated Plaintiffs' request to conditionally certify their FLSA claims. The Court granted Plaintiff's request to conditionally certify their side work claims and denied Plaintiffs' request to conditionally certify their tip credit notice and overtime claims. (*See* Doc. # 191). The Parties agreed to send FLSA notice of the lawsuit to all individuals who had the job code of server from October 1, 2016 through April 24, 2019 – the date on which Bob Evans instituted a point of sale feature wherein servers are asked to certify whether they spent more than 20% of their shift on non-tipped work as part of their clock-out process. (*See* Doc. #194). The notice was sent and approximately 5,018 individuals have opted in.

3. On April 7, 2023, the Parties attended a full-day mediation session with a private mediator, Michael Russel. Following the full-day mediation, the Parties were unable to reach a resolution at the mediation. The Parties were sent a mediator's proposal from Michael Russel, which the Parties ultimately agreed to on April 14, 2023.

4. The material terms provide for a full release of all wage claims that could have been reasonably set forth in the Complaint for the gross sum of $5,000,000. From the gross settlement fund is to be deducted costs of settlement administration, service awards, attorneys' fees and costs previously advanced by Plaintiffs' Counsel. The net settlement proceeds are then to be distributed by the settlement administrator to the 5,018 opt-in plaintiffs on a *pro rata* basis as further detailed within the Settlement Agreement itself.

5. The Court finds that the "one-step" approval process proposed is appropriate as this matter was brought as a collective action under the FLSA and not as a class action pursuant to Fed. R. Civ. P. 23. One-step approval is the appropriate procedure in FLSA collective action settlements. *See e.g. Genesis Healthcare Corp. v. Symczuk*, 133 S. Ct. 1523, 1529 (2013). The Court approves the Settlement Agreement and its Exhibits, adopts the same and orders that the

Settlement be implemented according to the terms and conditions of the Agreement and as directed herein.

6. The Court finds further that the Settlement satisfies the standard for approval under 29 U.S.C. § 216(b) as a fair and reasonable resolution of a *bona fide* dispute. This matter proceeded as contested litigation for over four (4) years prior to the parties reaching the terms of their Settlement. The parties were only able to reach a settlement with the assistance of a private mediator. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and in the best interest of the Named Plaintiffs and Opt-In Plaintiffs. The Court has considered all relevant factors, including the risk, complexity, expense and litigation; the extent of discovery; the amount offered in the Settlement; and the experience and views of counsel for the parties.

7. The Court approves the proposed service awards in the amounts of $2,000.00 for each of the fifteen (15) Named Plaintiffs, as well as service awards of $500.00 to opt-in Plaintiffs Billie Matthews and Melisa Hansen who each sat for their depositions prior to the mediation of this matter. The Court is satisfied that the fifteen (15) Named Plaintiffs put forth substantial effort in pursuing their claims for the benefit of the collective class and the Court is further satisfied that the two opt-in Plaintiffs receiving service awards put forth valuable efforts for the benefit of the collective class. The Court is further satisfied that the proposed service awards are comparable to awards approved by this Court and other courts within the Third Circuit in similar cases.

As of June 8, 2018, Counsel for Plaintiffs have expended over 1,800 hours pursuing this matter resulting in $1,059,915.00 in lodestar attorney fees. This figure is sure to rise throughout the administration of the Settlement as Plaintiffs' Counsel fields inquiries from the collective class

and assists with any lost or un-delivered checks. The resulting multiplier is 1.57 which falls well within the range of figures approved in the Third Circuit.

10. The Court approves the payment of $15,748.89 to Plaintiffs' Counsel for costs, $39,914 to paid to Analytics, LLC for the costs of administering the FLSA notice and opt-in forms, and $43,475 to be paid to Analytics, LLC for the costs of administering the Settlement.. The Court finds the amount of costs reasonable given the size of this Action.

11. The Court hereby dismisses, with prejudice, the claims brought in the Second Amended Consolidated Master Complaint – Class and Collective Action on behalf of all fifteen (15) Named Plaintiffs and the plaintiffs that have opted in to this Action.

12. The Court retains jurisdiction over this Action to enforce the terms of the Settlement Agreement which has been approved, adopted and ordered into effect herein.

IT IS SO ORDERED.

Date: Sept. 25, 2023

/s/ W Scott Hardy
Honorable W. Scott Hardy
United States District Judge

APPROVED:

By: /s/ James L. Simon
James L. Simon
SIMON LAW CO.
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 816-8699
Email: james@simonsayspay.com

LYNCH CARPENTER LLP
Edwin J. Kilpela, Jr.
Elizabeth Pollock Avery
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Fax: (412) 231-0246
Email: ekilpela@lcllp.com
elizabeth@lcllp.com

BENDAU & BENDAU PLLC

CONNOLLY WELLS & GRAY, LLP

Clifford P. Bendau, II
Christopher J. Bendau
P.O. Box 97066
Phoenix, AZ 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com

Gerald D. Wells, III
Robert J. Gray
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone: (610) 822-3700
Fax: (610) 822-3800
Email: gwells@cwglaw.com
    rgray@cwglaw.com

LAW OFFICE OF MICHAEL FRADIN
Michael L. Fradin, Esq.
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847-986-5889
Email: mike@fradinlaw.com

THE LAZZARO LAW FIRM, LLC
Anthony J. Lazzaro
34555 Chagrin Blvd, Suite 250
Moreland Hills, OH 44022
Telephone: 216-696-5000
Email: anthony@lazzarolawfirm.com

*Counsel for Plaintiffs and Opt-In Plaintiffs*