**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIFFANY WILLIAMS *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-1353 |
| | ) | |
| BOB EVANS RESTAURANTS, LLC *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM ORDER**

Presently pending before the Court is a Motion to Intervene (Docket No. 253) filed by Rodney Mitchell and Rhonda Thomas (collectively, the "proposed intervenors") to seek supplemental notice for a subset of opt-in plaintiffs in the instant action concerning a separate action filed in the Southern District of Ohio, captioned *Rodney Mitchell et al. v. Bob Evans Restaurants, LLC*, Case No. 2:22-cv-2123 (S.D. Ohio) (the "*Mitchell* Litigation" or "*Mitchell*").[1] Proposed intervenors seek to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissive intervention pursuant to Rule 24(b)(1). (Docket Nos. 253, 255). The parties to the instant action oppose the proposed intervenors' motion. (Docket Nos. 256, 257). For the reasons set forth below, the proposed intervenors' motion is denied.

Under Rule 24(a)(2), a person is entitled to intervene if: (1) the motion for intervention is timely; (2) the proposed intervenor has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is

---

[1] Proposed intervenors filed the *Mitchell* Litigation on May 9, 2022. (*Mitchell* Docket No.1). Bob Evans Restaurants, LLC filed a Motion to Stay on July 18, 2022, which the court granted on March 27, 2023. (*Mitchell* Docket Nos. 23, 54). Thereafter, the parties jointly filed multiple status reports. (*Mitchell* Docket Nos. 55, 60, 61).

not adequately represented by an existing party in the litigation.  *See Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987).  Under Rule 24(b), the Court may permit intervention by someone having a claim or defense that shares a common question of law or fact with the instant action and who timely files a motion for intervention.  *See* Fed. R. Civ. P. 24(b).

      I.      <u>The Proposed Intervenors' Motion is Untimely.</u>

First, a motion to intervene, whether of right or by permission, must be timely.  Timeliness is determined from all the circumstances and, in the first instance, by the court in the exercise of its sound discretion.  *See Choike v. Slippery Rock Univ.*, 297 F. App'x 138, 140 (3d Cir. 2008) (quoting *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982)).  "Factors to consider in making the timeliness determination include '(1) [h]ow far the proceedings have gone when the movant seeks to intervene, (2) the prejudice which resultant delay might cause to other parties, and (3) the reason for the delay.'"  *Id*. at 140-41 (quoting *In re Fine Paper*, 695 F.2d at 500).

Here, the proposed intervenors' motion is not timely, and they have failed to justify their delay in seeking intervention.  First, the proposed intervenors filed their motion on October 2, 2023 (Docket No. 253) *after* this Court approved the parties' settlement on behalf of approximately 5,000 opt-in plaintiffs and dismissed the case with prejudice on September 25, 2023 (Docket No. 252).  Yet, the parties here filed their Joint Notice of Settlement on April 26, 2023 (Docket No. 250) and filed a copy of their settlement agreement as an exhibit to their Unopposed Motion for Approval of Settlement, Service Awards, and Attorneys' Fees and Costs on July 10, 2023 (Docket No. 251).  The proposed intervenors' contention that they first received a copy of the settlement agreement merely six days before filing the instant motion is dubious since the settlement agreement appeared on the public docket as of July 10, 2023, and approximately two weeks later they joined in filing a status report in the *Mitchell* Litigation informing the *Mitchell* Court of the

motion to approve the settlement filed here.[2]  (*Mitchell* Docket No. 55).  The proposed intervenors offer no other explanation or justification for their delay in moving to intervene.

Finally, intervention and adjudication of the proposed intervenors' desired request to require that a supplemental notice of the *Mitchell* Litigation be issued to a small subset of opt-in plaintiffs here who someday *may* or *may not* become eligible to opt into the *Mitchell* Litigation, would unfairly prejudice nearly 5,000 plaintiffs who are awaiting receipt of their agreed upon settlement proceeds now that this Court approved their settlement and dismissed this action with prejudice.  Regardless of the actual number of possible opt-in plaintiffs involved,[3] the proposed intervenors' purpose for intervening would require them and the parties here to investigate and discern who among these 5,000 opt-in plaintiffs ought to receive the contemplated supplemental notice, require the crafting of the notification language, require Court approval of the content of the notice, and, finally, require distribution of such notice upon approval.  Such tasks will take time even assuming no disagreements as to content of the notice or the identities of those chosen to receive it.  Such delay would unfairly prejudice the vast majority of opt-in plaintiffs in this action who have no interest in the *Mitchell* Litigation.[4]

The proposed intervenors previously knew that the parties reached settlement in this action but waited until after the Court approved the settlement and dismissed the action with prejudice before seeking intervention.  The proposed intervenors offer no justifiable reason for their delay.

---

[2]    It is noteworthy that proposed intervenor Thomas was long-aware of the instant action and previously chose not to opt-in to it. (Docket No. 256 at 5).

[3]    Defendants represent that there are 45 to 60 individuals to whom such proposed notice may pertain.  (Docket No. 256 at 7).  The proposed intervenors do not proffer an actual or estimated number of such individuals other than to characterize the size as "relatively small compared to the purported 5,000 opt-ins" who are part of the settlement. (Docket No. 255 at 6).

[4]    The Court notes that the pending motion to intervene already has delayed distribution of settlement proceeds to these plaintiffs.

Moreover, permitting intervention and then adjudicating and effectuating the proposed intervenors' purpose for intervention (*i.e.*, providing supplemental notice to certain opt-in plaintiffs) would unduly delay implementing the court-approved settlement applicable to nearly 5,000 plaintiffs and thus unfairly prejudice them.

For the foregoing reasons, the Court finds the proposed intervenors' motion to be untimely pursuant to both Federal Rules of Civil Procedure 24(a) and 24(b).

II.    <u>The Proposed Intervenors Lack a Sufficient Interest Affected or Impaired by the Disposition of this Action.</u>

Intervention as of right requires a demonstration that the intervenor has a "significantly protectable" interest in the litigation here and that such interest may be affected or impaired as a practical matter by the disposition of this action. *Harris*, 820 F.2d at 596 (citing *Donaldson v. United States*, 400 U.S. 517, 531 (1970)). Such interest must also be "direct" rather than contingent or remote. *Id*. Yet, the proposed intervenors themselves have no direct interest in this action. Proposed intervenor Thomas could have joined this action but chose not to opt-in to it. Proposed intervenor Mitchell was not eligible to opt-in to this action because he does not fall within the definition of the collective that this Court certified. Therefore, the proposed intervenors themselves have no direct interest in this lawsuit or its settlement. Rather, their stated interest is in educating others who are opt-in plaintiffs in this action that they may wish to forgo the settlement their attorneys secured for them here, and instead possibly opt-in to the *Mitchell* Litigation if the *Mitchell* Court certifies a class or collective applicable to them. Whether any eligible plaintiffs in this lawsuit might choose to forgo their settlement here and instead opt-in to the *Mitchell* Litigation is of no meaningful consequence to the proposed intervenors. And, at this juncture, the proposed intervenors do not represent the interests of any plaintiffs in the instant action unless or until the *Mitchell* Court certifies a class or collective action that includes them.

4

*See, e.g., Cazeau v. TPUSA, Inc.*, Case No. 2:18-cv-00321, 2020 WL 3414751 (D. Utah June 22, 2020); *Schucker v. Flowers Foods, Inc.*, No. 16-cv-3439, 2018 WL 11321909 (S.D.N.Y. July 9, 2018).

    III.    <u>Proposed Intervenors Are Not Entitled to Permissive Intervention.</u>

    The Court assumes the existence of at least one common question of law or fact, but in its discretion nonetheless declines to permit intervention pursuant to Rule 24(b)(1) because, as noted, *supra*, the proposed intervenors' motion was not timely filed, they have no protectable interest in the instant action, and such intervention would prejudice nearly 5,000 plaintiffs by unnecessarily and unduly delaying the implementation of their court-approved settlement.

    Accordingly, in view of the foregoing, the Court enters the following Order:

    AND NOW, this 6th day of December, 2023,

    IT IS HEREBY ORDERED that, for the foregoing reasons, the Motion to Intervene by Rodney Mitchell and Rhonda Thomas (Docket No. 253) is DENIED.

    IT IS FURTHER ORDERED that the parties shall effectuate the terms of their settlement forthwith.

                                  *s/ W. Scott Hardy*
                                  W. Scott Hardy
                                  United States District Judge

cc/ecf:  All Counsel of Record